Per curiam,

the Defend nt ought to have pleaded that in •abatement, if he supposed it would have been of any advantage to him; for by pleading over to the aoli.m, he has admitted himself to be a lawful Defendant Where-ever a plea is pleaded, which according to the order of pleading, is subsequent to another which might have been of advantage had if been pleaded at the proper time, he thereby waives the matter that was-proper to be exhibited in that formei pica, otherwise, there would be the greatest, confusion in trials at law. The Plaintiff would constantly be turned round upon objections he did not expect, and of course not prepared to combat. It would also he productive óf a great waste of time, aere ¡he court and jury to take up every objection which might he made through every stage of the proceeding, and endeavor t-i asem-min its reality — the rules of pleading pave. been formed with great tvisdom, and with a view to the prevention of (hese mischiefs, and if observed the parties will never suffer injustice, at the same time that the weight of the «hole cause will he ralun-d to one or Uvo points, of which both parties are apprized by the pleadings. This '.hjectioo therefore catino' he taken upo» these issues. Gilb. Law Evid. 168. Co. Litl. 283 a._ 1 Rep. 119. ARo, tins objection is not good for another reason. 1789, c. 57, directs tint in all cases of joint obligations or assurup'ion.s ot co-partners or others, entered into after the passing of that act, might be sued upon in the same manner as if they were joint. and several, and *248 this is a joint obligation entered into after the passing of that act.* The Plaintiff had a verdict and judgment.
Note. Upon the. first, point see 1 Saund. 291, notes. As to the other point see note to Brown, Campbell & Co. v. Clary & Craig, Adm'rs. ante 107.